UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| WENDY JAMIESON,<br>　Plaintiff<br><br>VS.<br><br>DENNY'S, INC.,<br>　Defendant | §<br>§<br>§<br>§　CIVIL ACTION NO. SA-09-CA-0264-FB<br>§　JURY TRIAL DEMANDED<br>§<br>§<br>§ |

## ANSWER

DENNY'S, INC., Defendant, answers the Original Petition, hereinafter "Complaint," filed by Wendy Jamieson, Plaintiff, in state district court prior to removal to this Court, as follows:

1.  Defendant admits to the allegations set forth in paragraph 1 of the Complaint, only insofar as Plaintiff at one time worked at the Denny's restaurant located at US 281 and Bitters in San Antonio, and that Plaintiff now brings claims under the Texas Commission on Human Rights Act (TCHRA) and under the common law. Defendant, however, denies that Plaintiff is entitled to recover on any claim or claims brought under the TCHRA and further denies that Plaintiff is entitled to recover on any common law claim or claims. Defendant otherwise denies the allegations set forth in paragraph 1 of the Complaint.

2.  Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth at paragraph 2 of the Complaint, and all such allegations therefore are denied.

3.  Defendant admits to the allegations set forth in paragraph 3 of the Complaint.

4.  Defendant admits to the allegations set forth in paragraph 4 of the Complaint, only insofar as jurisdiction is proper in this federal district court. Otherwise, Defendant denies the allegations set forth therein.

5. Defendant admits to the allegations set forth in paragraph 5 of the Complaint, only insofar as venue is proper in this federal district court. Otherwise, Defendant denies the allegation set forth therein.

6. Defendant admits to the allegations set forth in paragraph 6 of the Complaint, only insofar as Plaintiff was employed on or about May 5, 2005. Otherwise, Defendant presently lacks sufficient knowledge or information to admit or deny the allegations set forth therein, and all such allegations therefore are denied.

7. Defendant denies the allegations set forth in paragraph 7 of the Complaint, except that Defendant lacks sufficient knowledge or information to admit or deny what Plaintiff's future plans may have been, and all such allegations as to Plaintiff's future plans therefore also are denied.

8. Defendant denies the allegations set forth in paragraph 8 of the Complaint.

9. Defendant denies the allegations set forth in paragraph 9 of the Complaint.

10. Defendant admits to the allegations set forth in paragraph 10 of the Complaint, only insofar as Plaintiff contacted the hotline and that the location manager was temporarily removed from the location. Otherwise, Defendant denies the allegations set forth therein.

11. Defendant admits to the allegations set forth in paragraph 11 of the Complaint, only insofar as the results of the investigation were inconclusive and that the restaurant manager was allowed to remain at the location. Otherwise, Defendant denies the allegations set forth therein.

12. Defendant denies the allegations set forth in paragraph 12 of the Complaint.

13. Defendant denies the allegations set forth in paragraph 13 of the Complaint.

14. Defendant denies the allegations set forth in paragraph 14 of the Complaint.

15. In answer to paragraphs 15 and 16 of the Complaint, Defendant re-alleges all

denials set forth in foregoing paragraphs 1 through 14, and, for further answer, Defendant admits that it is an employer under the TCHRA, but Defendant otherwise denies the allegations set forth in paragraph 15.

16. Defendant denies the allegations set forth in paragraph 16 of the Complaint.

17. In answer to paragraphs 17, 18 and 19 of the Complaint, Defendant re-alleges all denials set forth in foregoing paragraphs 1 through 16, and, for further answer to paragraph 17, Defendant denies the allegations set forth therein.

18. Defendant denies the allegations set forth in paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in paragraph 19 of the Complaint.

20. In answer to paragraphs 20 and 21 of the Complaint, Defendant re-alleges all denials set forth in foregoing paragraphs 1 through 19, and, insofar as a responsive pleading is permitted or required, Defendant denies the allegations set forth in paragraph 20.

21. Defendant denies the allegations set forth in paragraph 21 of the Complaint.

22. Defendant denies the allegations set forth in paragraph 22 of the Complaint, insofar as Plaintiff alleges harassment and retaliation. Otherwise, Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth therein, and all such remaining allegations therefore also are denied.

23. Insofar as a responsive pleading is permitted or required, Defendant admits to the allegations set forth in paragraph 23 of the Complaint, only insofar as Plaintiff has requested a trial by jury. Otherwise, Defendant denies the allegations set forth therein.

24. Insofar as a responsive pleading is permitted or required to paragraph 24 of the Complaint, Defendant responds that such a request for disclosures is no longer appropriate following removal. Accordingly, all such allegations are denied.

25. In answer to paragraph 25 of the Complaint, Defendant denies that Plaintiff is

entitled to any of the relief sought therein, including in any sub-part thereof.

26.  Any and all allegations set forth in the Complaint that have not heretofore been admitted to or denied are denied.

27.  Plaintiff has failed to set forth claims for which relief may be granted.

28.  Defendant, while denying any and all liability, nonetheless affirmatively pleads that Plaintiff's recovery of compensatory and punitive damages under the TCHRA cannot in any event exceed the maximum amount set forth in TEX. LAB. CODE §21.2585, and Defendant affirmatively pleads such limitation on damages.

29.  Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that Plaintiff's recovery of punitive damages on her common law claim or claims cannot in any event exceed the maximum amount set forth at TEX. CIV. PRAC. & REM. CODE §41.008, and Defendant affirmatively pleads such limitation on damages, and further affirmatively pleads all protections set forth in TEX. CIV. PRAC. & REM. CODE Chapter 41.

30.  Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that Plaintiff's claims are barred by waiver.

31.  Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that Plaintiff has failed to mitigate her damages, if any, and Defendant is entitled to an offset for all amounts Plaintiff has earned, or in the exercise of reasonable diligence should have earned, in the interim.

32.  Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that Defendant is entitled to an offset for all amounts received by Plaintiff as unemployment compensation.

33.  Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that insofar as Plaintiff's claims exceed, or may hereafter exceed, the scope of her charge

of discrimination, such claims are barred for failure to exhaust administrative remedies.

WHEREFORE, DENNY'S, INC., Defendant, having answered, prays that Plaintiff take nothing on her claims, that her case be dismissed in its entirety, and that Defendant be allowed to go hence with its costs. Defendant further prays for general relief.

Respectfully submitted,

/s/Raymond A. Cowley
RAYMOND A. COWLEY
State Bar No.: 04932400
CORA C. MCGOWAN
State Bar No. 24060258
1400 North McColl, Ste. 204
McAllen, Texas 78501
Telephone: (956) 984-7400
Facsimile: (956) 984-7499

OF COUNSEL:

**COX SMITH MATTHEWS INCORPORATED**

### CERTIFICATE OF SERVICE

I, Raymond A. Cowley, hereby certify that a true and correct copy of the foregoing document has been forwarded by **Electronic Mail and/or Certified Mail, Return Receipt Requested** to the following counsel of record on the 9th day of April, 2009.

Michael V. Galo, Jr.
Galo Law Firm, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229

/s/ Raymond A. Cowley
Raymond A. Cowley

2535328.2